# United States Court of Appeals

## For the Eighth Circuit

_____

No. 14-2060

_____

United States of America

*Plaintiff - Appellee*

v.

Ryan Devin Ravensborg

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: November 10, 2014
Filed: January 14, 2015

_____

Before MURPHY, MELLOY, and BENTON, Circuit Judges.

_____

MURPHY, Circuit Judge.

Ryan Ravensborg pled guilty to assault resulting in serious bodily injury in violation of 18 U.S.C. § 113(a)(6). The district court[1] sentenced Ravensborg to 41

_____

[1] The Honorable Michael J. Davis, Chief Judge, United States District Court for the District of Minnesota.

months imprisonment. Ravensborg appeals, challenging the substantive reasonableness of his sentence. We affirm.

Ravensborg is an enrolled member of the Red Lake Band of Chippewa Indians and a lifelong resident of the reservation. According to the presentence investigation report, Ravensborg had his first incident with the criminal law when he was arrested for misdemeanor robbery about a year after his father died from cancer in June 2012. He has also had a history of depression and mental illness.

On the evening of May 25, 2013, Ravensborg attended a party at his sister's home on the Red Lake reservation. Early the next morning officers responded to an incident report from the home. Witnesses reported that Ravensborg had hit another man in the head with a piece of wood. The victim suffered a depressed skull fracture with intracerebral hemorrhage, fracture fragments, and intracranial arterial bleeding. He was first taken to the Red Lake Hospital and later airlifted to the Sanford Medical Center in Fargo, North Dakota for emergency surgery. His residual injuries included a loss of coordination and fine motor skills which required continuing physical therapy. Agents from the Federal Bureau of Investigation assisted the Red Lake police with an investigation into the May 25 incident.

Ravensborg was arrested in July 2013 and subsequently admitted that he had hit the victim with a piece of wood. Ravensborg was indicted and pled guilty to assault resulting in serious bodily injury, in violation of 18 U.S.C. § 113(a)(6). The district court granted him release prior to his sentencing. The terms of Ravensborg's release specified that he must comply with supervision from pretrial services, refrain from using illegal controlled substances, and report all contact with law enforcement. Ravensborg violated the terms of his release by testing positive for marijuana on two separate occasions. He was also arrested by the Red Lake police for alleged assault and the stalking of his girlfriend. As a result the district court revoked Ravensborg's release.

The district court held Ravensborg's sentencing hearing on April 29, 2014. His plea agreement and the presentence investigation report had both calculated a guideline range of 33 to 41 months imprisonment. The court accepted that guideline range based on Ravensborg's offense level of 20 and criminal history category I. Ravensborg submitted a written sentencing memorandum and argued at the hearing for a downward variance based on his difficult personal circumstances. The district court sentenced him to a guideline term of 41 months imprisonment, having found a downward variance unwarranted because of the seriousness of the offense and Ravensborg's poor behavior on supervised release. Ravensborg appeals the substantive reasonableness of the district court's sentence.

We review the substantive reasonableness of a sentence under a deferential abuse of discretion standard. United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). A "sentence which falls within the guideline range is presumed to be reasonable, and district courts are allowed a wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence." United States v. Callaway, 762 F.3d 754, 760 (8th Cir. 2014) (internal quotation marks omitted). Here, the district court carefully examined each of the 3553(a) factors and heard both written and oral argument from the defendant before imposing a guideline sentence.

Ravensborg argues that the sentencing court should have given more weight to mitigating factors, but a court may "give some factors less weight than a defendant prefers or more to other factors but that alone does not justify reversal." United States v. Anderson, 618 F.3d 873, 883 (8th Cir. 2010). The district court concluded that Ravensborg's difficult personal circumstances did not outweigh the seriousness of the offense and his pretrial release violations.

We conclude on the basis of this record that this is not a case to "reverse a district court sentence—whether within, above, or below the applicable Guidelines

range—as substantively unreasonable." Feemster, 572 F.3d at 464.  We affirm the judgment of the district court.

_____